IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY VAN DE WERKEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| VOLKAN SIGNS AND LIGHTING INC., ) | **Jury Demand** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, HENRY VAN DE WERKEN, by and through his attorneys, S.T. Legal Group, who for his Complaint at Law against Defendant, VOLKAN SIGNS AND LIGHTING INC., alleges and state as follows:

### NATURE OF ACTION

1. This lawsuit arises under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/2, et. seq. and COBRA, 29 U.S.C. § 1161.

### JURISDICTION

2. Federal jurisdiction arises under federal question jurisdiction pursuant to the provisions of 29 U.S.C. § 1161.

### VENUE

3. Pursuant to 28 U.S.C. § 1191, venue lies in the Northern District of Illinois in that the Defendant is located in this District, and a substantial part of the alleged events giving rise to the claims occurred in this District.

### PARTIES

4. At all relevant times, the Plaintiff, HENRY VAN DE WERKEN, was a resident of Seymour, County of Outagamie, State of Wisconsin.

5. At all relevant times, the Defendant, VOLKAN SIGNS AND LIGHTING INC. (hereinafter "VSL") was a corporation organized under the laws of the State of Illinois with its principal place of business in Schaumburg, County of Cook, State of Illinois.

## BACKGROUND

6. The Defendant, VSL, is a wholesale sign manufacturer.

7. On or about July 19, 2022, VSL offered the Plaintiff employment as the Director of National Sales, with compensation as follows: base salary of $1,600.00 per week, a 3% commission on all sales from the total revenue, and a weekly travel expense stipend of $150.00. A copy of the Offer Letter is attached hereto and has been made a part of **Exhibit 1**.

8. Additionally, the Plaintiff was eligible for Paid Time Off (hereinafter "PTO"), pursuant to the terms of the Employee Handbook. A copy of the Employee Handbook is attached hereto and has been made a part of **Exhibit 2**.

9. The Plaintiff was also eligible for health insurance coverage through VSL with Blue Cross and Blue Shield of Illinois, in which the Plaintiff enrolled.

10. During the course of the Plaintiff's employment, the Plaintiff generated and closed several sales for VSL.

11. However, during the Plaintiff's employment, VSL only awarded the Plaintiff commission on the sales he personally generated, not on the total company sales, as promised in the Offer Letter.

12. On September 15, 2023, Volkan Ozdemir, owner of VSL, emailed the Plaintiff to indicate that his compensation package would be changing and offered him three options for him to select for his new compensation that would go into effect on October 1, 2023. A copy of this email is attached hereto and has been made a part of **Exhibit 3**.

13. On September 29, 2023, the Plaintiff responded to this email and informed Mr. Ozdemir that he was selecting the third compensation package offered to him, which included an 8% commission on sales revenue. A copy of this email is attached hereto and has been made a part of **Exhibit 4**.

14. In October and November of 2023, the Plaintiff continued to receive a 3% commission on various sales he generated, rather than the 8% that was agreed to in the new compensation package.

15. On December 12, 2023, VSL terminated the Plaintiff.

16. After his termination, the Plaintiff shipped back to VSL the company iPad that he received during his employment.

17. On December 20, 2023, Bob Hernandez, an employee at VSL, emailed the Plaintiff, indicating that he received the company iPad but that VSL was still missing the Adobe Acrobat Reader Software and other company information that was no longer on the iPad; Mr. Hernandez further specified that until the Plaintiff restored the missing information to the company iPad, VSL was refusing to issue any checks that the Plaintiff was owed.

18. At the time of termination or during employment, the Plaintiff was not reimbursed the $945.78 he was owed for in outstanding business expenses.

19. At the time of termination or during employment, the Plaintiff was owed approximately $16,070.83 in commission from September, 2022 to October, 2023 for the total sales revenue of VSL that he did not receive.

20. At the time of termination or during employment, the Plaintiff did not receive the difference in commission percentage payments for October and November of 2023 in the amount of $2,507.78.

21. Upon termination, the Plaintiff had approximately 24.00 hours of earned but unused PTO.

22. At the time of termination or during employment, the Plaintiff was not compensated for these 24.00 hours of earned but unused PTO.

23. On December 15, 2023, the Plaintiff received an email from the customer service department at Blue Cross and Blue Shield of Illinois, informing him that his health insurance plan was canceled as of that date; the email instructed the Plaintiff to contact the Human Resources department at VSL to request information regarding COBRA coverage. A copy of this email is attached hereto and has been made a part of **Exhibit 5**.

24. On December 27, 2023, the Plaintiff emailed Mr. Ozdemir, attaching the email he received from Blue Cross and Blue Shield of Illinois and requesting the necessary COBRA information from him. A copy of this email is attached hereto and has been made a part of **Exhibit 6**.

25. To date, VSL has not provided the Plaintiff with timely notice of his rights under the Consolidated Omnibus Budget Reconciliation Act (hereinafter "COBRA").

## COUNT I – VIOLATION OF
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT

26. Plaintiff incorporates and re-alleges all of the allegations set forth in Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

27. At all relevant times, there was in effect in the State of Illinois the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, et. seq.

28. During the entire course of Plaintiff's employment with the Defendant, Plaintiff was an "employee" as defined by 820 ILCS 115/2.

4

29. During the entire course of Plaintiff's employment with the Defendant, VSL, VSL was an "employer" as defined by 820 ILCS 115/2.

30. Section 2 of the IWPCA provides, in pertinent part, as follows: "Payments to separated employees shall be termed "final compensation" and shall be defined as wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays…" 820 ILCS 115/2.

31. Furthermore, Section 5 of the IWPCA provides that "every employer shall pay the final compensation of separated employees in full at the time of separation or no later than the next scheduled payday." 820 ILCS 115/5.

32. Section 5 of the IWPCA further provides that:

> [W]henever a contract of employment or employment policy provides for paid vacations, and an employee resigns or is terminated without having taken all vacation time earned in accordance with such contract of employment or employment policy, the monetary equivalent of all earned vacation shall be paid to him or her as part of his or her final compensation at his or her final rate of pay and no employment contract or employment policy shall provide for forfeiture of earned vacation time upon separation. *Id*.

33. Additionally, Section 14 of the IWPCA further provides as follows:

> Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover … the amount of any such underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorneys' fees. 820 ILCS 115/14.

34. In violation of the IWPCA, the Defendant committed one or more of the following actions:

    a. Failed to pay Plaintiff earned commission;

    b. Failed to pay Plaintiff his earned and unused PTO;

    c. Failed to reimburse Plaintiff for business expenses; and

      d.     Was otherwise in violation of the IWPCA.

WHEREFORE, the Plaintiff, HENRY VAN DE WERKEN, prays for judgment against the Defendant, VOLKAN SIGNS AND LIGHTING INC., in an amount of money in excess of $50,000.00 plus his costs of suit, statutory penalties, and attorneys' fees and costs, and other relief as appropriate.

### COUNT II – VIOLATION OF COBRA (29 U.S.C. § 1161)

35.     The Plaintiff realleges and incorporates paragraphs 1 through 34 as if fully set forth herein.

36.     At all relevant times, there was in effect in the State of Illinois, COBRA.

37.     During the course of his employment with Defendant, the Plaintiff was an "employee" defined by COBRA.

38.     During the course of Plaintiff's employment, the Defendant was an "employer" as that term is defined by COBRA because it employs more than twenty employees. This includes that the Defendant is subject to the notice requirements described herein.

39.     Under COBRA, an employer must provide former employees the right to elect to temporarily continue health benefit coverage.

40.     Under COBRA, an employer must provide a former employee with notification of his or her right to receive continued health insurance benefits within thirty (30) to forty-four (44) days after the occurrence of a qualifying event ("COBRA notification").

41.     Under COBRA, any administrator who fails to provide a former employee with COBRA notification is liable to the beneficiary for a daily fine from the date of such failure.

42. The Plaintiff's termination occurred on December 12, 2023 and resulted in a loss of insurance coverage, which is confirmed in written documentation received by the Plaintiff from Blue Cross and Blue Shield of Illinois.

43. Despite having knowledge of the Plaintiff's need for health insurance, the Defendant did not send the Plaintiff a COBRA notification.

44. As a direct and proximate result of the Defendant's conduct, the Plaintiff has sustained damages in an amount of statutory penalties and attorneys' fees and costs, and other relief as this Court deems appropriate.

WHEREFORE, the Plaintiff, HENRY VAN DE WERKEN, prays for judgment against the Defendant, VOLKAN SIGNS & LIGHTING INC., an Illinois Corporation, for his statutory penalties, attorneys' fees and costs, and all other relief the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues in the matter that are appropriately tried to a jury.

Respectfully Submitted,

_____
Diana Servos
Attorney for the Plaintiff

DIANA SERVOS (4994471)
S.T. Legal Group
1020 Milwaukee Avenue, Suite 335
Deerfield, Illinois 60015
(847) 654-9200
dservos@stlegalgroup.com